HARMEET K. DHILLON (SBN: 207872)
Harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN, ESQ. (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff
Dr. Rewa Kumar

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| DR. REWA KUMAR, an individual, | Case Number: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, 17 U.S.C. §§101 *et seq.* AND DEFAMATION** |
| v. | |
| DOE 1, an unknown individual, and DOES 2 through 10, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Dr. Rewa Kumar ("Dr. Kumar"), by and through her attorneys, Dhillon Law Group Inc., files this action against Defendants Doe 1 and Does 2 through 10 (collectively, "Defendants") for defamation and copyright infringement under the copyright laws of the United States, 17 U.S.C. §101 *et seq.*, and alleges as follows:

## PARTIES

1. Plaintiff Dr. Rewa Kumar ("Dr. Kumar" or "Plaintiff") is an individual residing in Fremont, California.

2. Defendant Doe 1 is an individual who has anonymously published to the websites YouTube.com, Vimeo.com, and DiggVideo.com certain video clips which unlawfully infringe

Complaint



upon Dr. Kumar's valid copyrights and contain false and defamatory statements about Dr. Kumar (the "Video Clips"). The true name, residence and capacity of Doe 1, whether individual, corporate or otherwise, is unknown to Dr. Kumar at this time. Dr. Kumar therefore sues Doe 1 by such fictitious name. Dr. Kumar will amend this Complaint to state the true name and identity of Doe 1 when the same has been ascertained, together with the appropriate charges and allegations.

3. The true names, residences and capacities, whether individual, corporate or otherwise, of Defendants named herein as Does 2 through 10, inclusive, are unknown to Dr. Kumar at this time. Dr. Kumar therefore sues Does 2 through 10 by such fictitious names. Dr. Kumar will amend this Complaint to state the true names and capacities of those unknown defendants when the same have been ascertained, together with the appropriate charges and allegations. Dr. Kumar is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Dr. Kumar's damages as herein alleged were directly and proximately caused by these Defendants' acts or failures to act. Dr. Kumar is informed and believes, and on that basis alleges, that at all times herein mentioned, each Defendant was the agent and the employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of that agency.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for defamation and for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright). The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a). A substantial part of the events or omissions giving rise to the claim occurred in this

Complaint



1  judicial district.

2  6. Although the true identity of each Defendant is unknown to Dr. Kumar at this time, on information and belief, each Defendant and/or their respective agent(s) reside or may be found in this district and are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Civil Local Rule 3-2(d), this case should be assigned to the San Francisco division of this Court, because a substantial part of the events or omissions which give rise to the claims alleged herein arose in this district.

## FACTUAL ALLEGATIONS

8. Dr. Rewa Kumar is a specialist in Vastu Shastra, the traditional Indian doctrine of architecture and design of Vedic origin. Dr. Kumar has a Ph.D. degree in Vastu Shastra and over 25 years of experience, and owns and operates a business providing Vastu Shastra consultations to individuals and businesses. Dr. Kumar is widely regarded as a foremost authority on the topic, and has been honored and recognized for her outstanding contributions by the California State Senate, the California Legislature Assembly, the U.S. House of Representatives, and the City of San Jose, California. Dr. Kumar was invited to meet President Obama for her important contributions to the celebration of cultural values.

9. In July, 2013 and May, 2014, Dr. Kumar commissioned AAA Media and Marketing to create certain photographs and video footage of Dr. Kumar, for use in promoting and marketing her business.

10. Pursuant to this commission, AAA Media and Marketing took video footage of Dr. Kumar, and created two short videos in which Dr. Kumar speaks about her Vastu Shastra practice. These videos are entitled "Divine Vastu Amended TV ad 6-18-2014" and "Rewa Kumar Divine Vastu Specialist TV Ad.mp4" (the "Divine Vastu Videos"). AAA Media and Marketing also took photographs of Dr. Kumar, including a headshot photograph that is discussed herein (the "Headshot Photograph"). The Divine Vastu Videos and the Headshot

Complaint



1 Photograph are collectively referred to as the "Materials."

2       11.     AAA Media and Marketing assigned all rights, title and interest in and to the Materials to Dr. Kumar personally, including all copyrights. Dr. Kumar is currently the sole owner of the copyrights in the Materials.

      12.     Dr. Kumar has registered the Materials with the U.S. Copyright Office. The U.S. Copyright Office received Dr. Kumar's completed applications to register the Materials on October 7, 2014.

      13.     Dr. Kumar has used the Materials in connection with advertising and promoting her Vastu Shastra business. For example, Dr. Kumar is currently using the video entitled "Divine Vastu Amended TV Ad 6-18-2014" in broadcastings on Star Plus TV channel, and has previously broadcast the video entitled "Rewa Kumar Divine Vastu Specialist TV Ad.mp4" on channels including Star Plus TV and Zee TV, for advertising and marketing purposes. Dr. Kumar has also used the Headshot Photograph to market and promote her business, including on public websites such as Facebook.com, LinkedIn.com, Google+, Twitter.com, Pinterest.com, Digg.com, Pinterest.com, and Tumbler.com.

      14.     Beginning in August 2014, and continuing, Dr. Kumar discovered that Defendants had published certain videos on public websites, including YouTube.com, Vimeo.com, and DiggVideo.com. These videos make unauthorized and unlawful use of Dr. Kumar's copyrighted Materials, and contain false and defamatory statements about Dr. Kumar. These videos are collectively referred to as the "Offending Videos," and are described in detail as follows:

**Truth Walla Video**

      15.     On or around September 8, 2014, Doe 1 published a video on YouTube.com ("YouTube"), under the pseudonym of "Truth Walla," at the URL https://www.youtube.com/watch?v=xmLjrwBsgGw (the "Truth Walla Video"). This video makes unauthorized use of Dr. Kumar's Materials, including the Headshot Photograph and

Complaint

-4-



portions of the Divine Vastu Videos.

16. The Truth Walla Video also attacks Dr. Kumar's personal and professional life, and publishes false statements of material fact that accuse her of, among other things, committing multiple crimes, both in India and in the United States; defrauding, cheating and scamming her clients; and being unchaste and causing the divorce of third parties.

17. Doe 1 published the Truth Walla Video without first notifying, obtaining authorization from, or obtaining a license from Dr. Kumar.

18. Upon information and belief, Does 2 through 10 assisted Doe 1 and/or acted as Doe 1's agent in posting the Truth Walla Video.

19. On September 8, 2014, attorneys for Dr. Kumar submitted to YouTube a copyright infringement notification pursuant to the Digital Millennium Copyright Act ("DMCA"), informing YouTube of the infringing nature of the Truth Walla Video.

20. On September 11, 2014, attorneys for Dr. Kumar received a notification from YouTube, stating that YouTube had received a counter notification in response to Dr. Kumar's DMCA notice.

21. Upon information and belief, this counter notification was submitted by Doe 1.

22. In this counter notification, Doe 1 identified himself/herself with the following contact information: "Indra Nooyi, 8275 Route 130, North Pennsauken, NJ 08110, truthleaks14@gmail.com, (856) 6656200." The counter notification was made under penalty of perjury.

23. Dr. Kumar is informed and believes, and on that basis alleges, that Indra Nooyi is the Chairperson and Chief Executive Officer of Pepsi-Co.; that the phone number listed in the counter notification is for a Pepsi-Co. facility; and that the address listed in the counter notification is a section of highway near a New Jersey Pepsi-Co. facility.

24. Pursuant to conversations between Dr. Kumar's attorneys and attorneys for Pepsi Co. following Dr. Kumar's receipt of the counter notification from YouTube, Dr. Kumar is

Complaint

1  informed and believes, and on that basis alleges, that Doe 1 is not, in fact, Indra Nooyi, and that
2  Doe 1 has committed fraud, perjury and impersonation of a famous person.
3    25. Although YouTube removed the Truth Walla Video following Dr. Kumar's
4  DMCA notification, in YouTube's September 11, 2014 message to Dr. Kumar's attorneys,
5  YouTube advised that it "may reinstate the material to YouTube" should it not receive a notice
6  from Dr. Kumar that she has filed an action seeking a court order to restrain Doe 1's allegedly
7  infringing activity.
8    26. On September 12, 2014, attorneys for Dr. Kumar wrote to YouTube stating that,
9  upon information and belief, the person who submitted the counter notification in connection
10 with the Truth Walla Video was not, in fact, Indra Nooyi, and requesting that YouTube seek
11 further information prior to reinstating the Truth Walla Video.
12   27. On October 8, 2014, YouTube wrote to Dr. Kumar's attorneys, stating "Thank
13 you very much for your notification. The content will not be reinstated."
14   **Truth Leaks Video**
15   28. On or around September 18, 2014, Doe 1 published a video on Vimeo.com
16 ("Vimeo"), under the pseudonym "Truth Leaks," at the URL http://vimeo.com/105926622, (the
17 "Truth Leaks Video"). This video makes unauthorized use of Dr. Kumar's Materials, including
18 the Headshot Photograph and portions of the Divine Vastu Videos.
19   29. The Truth Leaks Video also attacks Dr. Kumar's personal and professional life,
20 and publishes false statements of material fact that accuse her of, among other things,
21 committing multiple crimes, both in India and in the United States; defrauding, cheating and
22 scamming her clients; and being unchaste and causing the divorce of third parties.
23   30. Doe 1 published the Truth Leaks Video without first notifying, obtaining
24 authorization from, or obtaining a license from Dr. Kumar.
25   31. Upon information and belief, Does 2 through 10 assisted Doe 1 and/or acted as
26 Doe 1's agent in posting the Truth Leaks Video.

Complaint

32. On September 18, 2014, attorneys for Dr. Kumar submitted to Vimeo a DMCA copyright infringement notification, informing Vimeo of the infringing nature of the Truth Leaks Video.

33. On September 23, 2014, attorneys for Dr. Kumar received a notification from Vimeo, stating that Vimeo had received a counter notification in response to Dr. Kumar's DMCA notice.

34. Upon information and belief, this counter notification was submitted by Doe 1.

35. In this counter notification, Doe 1 identified himself/herself with the same contact information as was contained in the counter notification submitted to YouTube in connection with the Truth Walla Video; namely, Indra Nooyi, 8275 Route 130, North Pennsauken, NJ 08110, truthleaks14@gmail.com, (856) 665-6200. The counter notification was made under penalty of perjury.

36. Pursuant to conversations between Dr. Kumar's attorneys and attorneys for Pepsi Co. following Dr. Kumar's receipt of the counter notification from Vimeo, Dr. Kumar is informed and believes, and on that basis alleges, that Doe 1 is not, in fact, Indra Nooyi, and has committed fraud, perjury and impersonation of a famous person.

37. Although Vimeo initially removed the Truth Leaks Video following Dr. Kumar's DMCA notification, in Vimeo's September 23, 2014 message to Dr. Kumar's attorneys, Vimeo advised that "Vimeo will restore the material in ten (10) business days unless Vimeo receives notice that an action seeking a court order to restrain this user from the alleged infringing activity has been filed. Vimeo reserves all of its rights."

38. On September 23, 2014, attorneys for Dr. Kumar wrote to Vimeo stating that, upon information and belief, the person who submitted the counter notification in connection with the Truth Leaks Video was not, in fact, Indra Nooyi; informing Vimeo of the similar counter notification submitted to YouTube; and requesting that Vimeo seek further information prior to reinstating the Truth Leaks Video. Vimeo responded on October 3, 2014, indicating that

Complaint



1  it would investigate the matter.

2  39. Vimeo subsequently informed Dr. Kumar's attorneys that Vimeo would keep the
3  video removed.

**Admin Video**

40. On or around August 31, 2014, Doe 1 published a video on DiggVideo.com ("DiggVideo"), under the pseudonym "Admin," at the URL www.diggvideo.com/former-indian-beauty-queen-looks-to-con-barack-obama_52a96f38a.html (the "Admin Video"). This video is captioned, "Former Indian beauty queen looks to con Barack Obama!," and also contains the Hindi words "Roop Ki Raani Thagon Ki Maharani" which, upon information and belief, translate to "The Beauty Queen and The Empress of Frauds."

41. This video makes unauthorized use of Dr. Kumar's Materials, including the Headshot Photograph and portions of the Divine Vastu Videos. This video also attacks Dr. Kumar's personal and professional life, and publishes false statements of material fact that accuse her of, among other things, committing multiple crimes, both in India and in the United States; defrauding, cheating and scamming her clients; and being unchaste and causing the divorce of third parties.

42. Doe 1 published the AdminVideo without first notifying, obtaining authorization from, or obtaining a license from Dr. Kumar.

43. Upon information and belief, Does 2 through 10 assisted Doe 1 and/or acted as Doe 1's agent in posting the Admin Video.

44. On September 8, 2014, attorneys for Dr. Kumar submitted to DiggVideo a DMCA copyright infringement notification through DiggVideo's website "Contact Us" page, informing DiggVideo of the infringing nature of the Admin Video. Receiving no response, attorneys for Dr. Kumar sent a second DMCA notification to DiggVideo by letter, demanding retraction of the unauthorized content. As of the date of this Complaint, no response from DiggVideo has been received.

Complaint



45. After Dr. Kumar's attorneys sent the copyright infringement notifications to DiggVideo, the Admin Video was initially modified to appear only as a static picture, which nonetheless infringed upon Dr. Kumar's copyrighted Materials by making unauthorized publication of the Headshot Photograph and of static shots from the Divine Vastu Videos. Subsequently, the full video was reinstated, and the Admin Video remains posted to DiggVideo as of the time of this Complaint.

**Rehmat Ali Video**

46. Upon information and belief, on or around October 2, 2014, Doe 1 published a video on YouTube under the pseudonym "Rehmat Ali," at the URL https://www.youtube.com/watch?v=3djISeA1gbk (the "Rehmat Ali Video").

47. The Rehmat Ali Video consists of a presentation of several written documents, the first of which states "The information contained in this video is completely public information. There is no copyright on this information and it cannot be claimed as owned by anyone." The Rehmat Ali Video displays false and fabricated documents, including what appears to be a police "mug shot" of Dr. Kumar, with the caption "Wanted" across the top. The Rehmat Ali Video falsely accuses Dr. Kumar of passport forgery, and also displays a document that purports to be a list of multiple Indian court cases alleged to be currently pending against Dr. Kumar. The statements set forth in the Rehmat Ali Video are false, misleading, and defamatory, and the majority of the documents are fabricated.

48. The substance and content of the Rehmat Ali Video is substantially the same as the substance and content of the Truth Walla Video, the Truth Leaks Video, and the Admin Video, and the Rehmat Ali Video contains the same nature and type of defamatory allegations against Dr. Kumar.

49. Dr. Kumar is informed and believes, and on that basis alleges, that "Rehmat Ali" is a pseudonym being used by the same person or persons who posted the Truth Walla Video, the Truth Leaks Video, and/or the Admin Video.

Complaint



50. Upon information and belief, Does 2 through 10 assisted Doe 1 and/or acted as Doe 1's agent in posting the Rehmat Ali Video.

**FIRST CAUSE OF ACTION**
**Copyright Infringement**
**17 U.S.C. §101** *et seq.*
**(Against all Defendants)**

51. Dr. Kumar incorporates every allegation contained in paragraphs 1 through 50 above, as though set forth fully herein.

52. Dr. Kumar commissioned the Materials at her expense, and is responsible for their creation, development, and production. Dr. Kumar owns the exclusive and valid copyrights in the Materials. Dr. Kumar has used the Materials in connection with her professional marketing efforts, beginning in 2013 and continuing to present.

53. Defendants, without Dr. Kumar's consent or permission, and without authority or a valid license, i) made, have caused to be made, and/or have purported to authorize the making of copies of the Materials, and ii) distributed the copied work through public websites, including YouTube.com, Vimeo.com, and DiggVideo.com.

54. Defendants' acts of infringement were intentional, purposeful, willful, and in disregard of Dr. Kumar's rights.

55. Pursuant to 17 U.S.C. §504, Dr. Kumar is entitled to recover the actual damages suffered by her as a result of Defendants' infringement and any additional profits of Defendants, in an amount to be determined at trial, including amounts representing the reasonable license fees to use the Divine Vastu Videos and the Headshot Photograph. Alternatively, Dr. Kumar is entitled to statutory damages set forth in 17 U.S.C. §504(c).

56. Upon information and belief, unless enjoined by this Court, Defendants will continue to infringe upon Dr. Kumar's copyrighted Materials and will cause Dr. Kumar significant and irreparable injury that cannot be fully compensated or measured in monetary terms. Dr. Kumar has no adequate remedy at law. Pursuant to 17 U.S.C. §502, Dr. Kumar is

Complaint

1 entitled to a permanent injunction requiring Defendants to employ reasonable methods to
2 prevent infringement of Dr. Kumar's copyrights.

3     57.    Pursuant to 17 U.S.C. §505, Dr. Kumar is further entitled to recover her
4 attorney's fees and costs pursuant to 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**

**DEFAMATION**

**(Against All Defendants)**

58. Dr. Kumar incorporates every allegation contained in paragraphs 1 through 57 above, as though set forth fully herein.

59. Defendants, individually and through their agents, published false and defamatory statements about Dr. Kumar, as discussed above, including in Videos posted on the Internet on or around August 31, September 8, September 18, and October 2, 2014. These statements falsely accused Dr. Kumar of, *inter alia,* committing and being "Wanted" for crimes; defrauding, cheating and scamming her business clients; "conning" the President of the United States; being unchaste and causing the divorce of third parties; and committing passport forgery (collectively, the "Defamatory Statements").

60. The Defamatory Statements clearly and unambiguously referred to Dr. Kumar, and were reasonably understood by their recipients to refer to Dr. Kumar. The recipients of the Defamatory Statements reasonably understood the statements to mean the Dr. Kumar had committed the crimes and other conduct attributed to her.

61. Upon information and belief, the Defamatory Statements were seen by thousands of viewers through the Internet.

62. The Defamatory Statements are not only false, but are libelous on their face, without the necessity of explanatory matter or extrinsic evidence. The Defamatory Statements accused Dr. Kumar of criminal conduct, misconduct in her trade and profession, and lack of chastity. To the extent that the Defamatory Statements were not libelous on their face, they

Complaint

1  constitute libel *per quod.*

2  63. Defendants failed to use reasonable care to determine the truth or falsity of the Defamatory Statements before they were published. Defendants lacked reasonable grounds for belief in the truth of the Defamatory Statements, and acted in reckless disregard of the rights of Dr. Kumar when making those statements.

6  64. Defendants' publication of the Defamatory Statements was unprivileged and motivated by actual malice, hatred, or ill will towards Dr. Kumar, including by a desire to use the Defamatory Statements to harm Dr. Kumar's Vastu Shastra business as well as her personal and professional reputation, particularly within the Indian American community of which Dr. Kumar is a part.

11  65. Dr. Kumar is informed and believes, and on that basis alleges, that Defendants willfully and knowingly made, and are continuing to make, similar false and defamatory statements to other individuals within Dr. Kumar's personal and professional communities, including but not limited to statements published on the Internet.

15  66. The Defamatory Statements have harmed Dr. Kumar by calling her professional and personal integrity into question; irreparably damaging her reputation within the Vastu Shastra industry and among her peers and colleagues; exposing Dr. Kumar to hatred, contempt, and ridicule; and damaging Dr. Kumar's business, trade, profession and occupation. The Defamatory Statements have prevented Dr. Kumar from obtaining new business that she otherwise would have obtained. The Defamatory Statements have also caused Dr. Kumar to suffer shame, embarrassment, and emotional distress.

22  67. Dr. Kumar is informed and believes, and on that basis alleges, that the Defamatory Statements are, in fact, deterring third persons and business entities from associating and dealing with Dr. Kumar because such third parties mistakenly believe that Dr. Kumar is engaging in wrongful, illegal, and/or unethical conduct.

26  68. As a direct and proximate result of Defendants' conduct, Dr. Kumar has

Complaint



-12-

suffered, and will continue to suffer, general and special damages in an amount to be proven at trial.

69. The actions of Defendants have caused, and will continue to cause, irreparable harm to Dr. Kumar, for which there is no adequate remedy at law, thus entitling Dr. Kumar to injunctive and equitable relief. For example, the Admin Video and Rehmat Ali Video remain published and available to any viewer on the Internet, and nothing prohibits Vimeo or YouTube from reinstating the Truth Walla Video or Truth Leaks Video.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Kumar prays for judgment against Defendants as follows:

1. For judgment in favor of Dr. Kumar on her claims;
2. Pursuant to 17 U.S.C. §504, for actual damages to Ms. Kumar in the amount suffered by her as a result of Defendants' infringement and any additional profits of Defendants, or alternatively, for statutory damages;
3. For a preliminary and permanent injunction, pursuant to 17 U.S.C. §502, requiring that Defendants, their subsidiaries, parents and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, employees, and attorneys of those companies or individuals, and all others in active concert or participation with Defendants, cease directly or indirectly infringing, or causing, enabling, facilitating, promoting, encouraging, and inducing, or participating in the infringement of, any of Ms. Kumar's rights protected under the Copyright Act, whether now in existence or hereafter created;
4. For a preliminary and permanent injunction ordering that Vimeo.com, YouTube.com, and DiggVideo.com, and their parent companies, take down all infringing content discussed herein, and/or refrain from reinstating such content;
5. For actual, pecuniary, special and consequential damages in an amount to be determined at trial;

Complaint

6. For punitive damages as applicable, in an amount to be determined at trial;

7. For recovery of attorney's fees and costs, pursuant to 17 U.S.C. § 505;

8. For such other and further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Under Fed.R.Civ.P. 38(b), Dr. Kumar demands jury trial of all issues raised by the Complaint.

Date: October 14, 2014                    DHILLON LAW GROUP INC.

By:
   /s/ Krista L. Baughman
HARMEET K. DHILLON
KRISTA L. BAUGHMAN
Attorneys for Plaintiff
Dr. Rewa Kuma

Complaint

-14-

