```
HARMEET K. DHILLON (SBN: 207872)
Harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN, ESQ. (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593
```

Attorneys for Plaintiff
Dr. Rewa Kumar

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| DR. REWA KUMAR, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DOE 1, an unknown individual, and DOES 2 through 10, <br><br> Defendants. | Case Number: 3:14-cv-04573 <br><br> **DECLARATION OF KRISTA L. BAUGHMAN IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR TRO/OSC** |

I, Krista L. Baughman, declare:

1.  I am the attorney for Plaintiff Dr. Rewa Kumar ("Dr. Kumar"), in the above-captioned action. I am an attorney at law duly admitted to practice before all Courts of the State of California. I have personal knowledge of the matters set forth herein and if called as a witness could and would competently testify thereto. As to those matters stated on information and belief, I believe them to be true.

2.  On behalf of Dr. Kumar, on October 6, 2014, I drafted and submitted applications to the U.S. Copyright Office in connection with formally registering her copyrights in certain video clips and a headshot photograph of Dr. Kumar for use in promoting and



Declaration of Krista L. Baughman In Support Of
Plaintiff's *Ex Parte* Motion for TRO/OSC

-1-

marketing her Vastu Shastra business (collectively, the "Materials"). Specifically, I submitted an application for each of the following items: a video clip entitled "Divine Vastu Amended TV Ad 6-18-2014"; a video clip entitled "Rewa Kumar Divine Vastu Specialist TV Ad"; and a photograph entitled "Rewa Kumar Headshot Photograph" (collectively, the "Applications"). On October 6, 2014, I received a written Confirmation of Receipt from the U.S. Copyright Office, acknowledging receipt of the Applications.

3. On October 6th and 7th, 2014, I uploaded a deposit in connection with each of the Applications, causing those applications to be complete as of October 7, 2014. I received from the U.S. Copyright Office an Acknowledgment of Uploaded Deposit in connection with each of the Applications on October 6th and 7th, 2014. True and correct copies of the applications are attached hereto as Exhibit A.

4. On September 8, 2014, I submitted to YouTube.com ("YouTube") and DiggVideo.com ("DiggVideo") copyright infringement notifications pursuant to the Digital Millennium Copyright Act ("DMCA"), informing these entities of the infringing nature of the Truth Walla Video and Admin Video that had, respectively, been anonymously posted on their forums. On September 18, 2014, I submitted a DMCA notice to Vimeo in connection with the Truth Leaks Video that had been anonymously posted on its forum. Following my DMCA notifications, YouTube and Vimeo removed the offending content in full, but DiggVideo did not – in fact, the Admin Video, which makes use of Dr. Kumar's copyrighted Materials, remains posted and publicly available as of the date of this declaration.

5. On September 11, 2014, in response to my DMCA notification, YouTube informed me that it had received a counter notification from an individual identifying him or herself, under penalty of perjury, as "Indra Nooyi." YouTube further informed me that it may reinstate the material to YouTube should it not receive notice from Dr. Kumar that she had filed an action seeking a court order to restrain the counter notifier's allegedly infringing activity. A true and correct copy of this message from YouTube, which incorporates the substance of the counter notification, is attached hereto as Exhibit B.

6. On September 23, 2014, in response to my DMCA notification, Vimeo informed



Declaration of Krista L. Baughman In Support Of
Plaintiff's *Ex Parte* Motion for TRO/OSC

me that it had received a counter notification from an individual identifying him or herself, under penalty of perjury, as "Indra Nooyi." Vimeo further informed me that it would restore the material to Vimeo in ten business days unless Vimeo receives notice that an action seeking a court order to restrain the user from the alleged infringing activity has been filed. A true and correct copy of this message from Vimeo, and the attached counter notification, is attached hereto as Exhibit C.

7. Upon reviewing publicly available sources, I learned that Indra Nooyi is the CEO and Chairperson of Pepsi Co., Inc. ("Pepsi Co."). Accordingly, I sent letters addressed to Ms. Nooyi and to Pepsi Co.'s General Counsel, alerting them of the counter notifications and asking whether Ms. Nooyi was the individual responsible for them. On October 2, 2014, I spoke with Joseph J. Ferretti, Pepsi Co.'s VP and Chief Counsel, Global Trademarks, and he confirmed that Ms. Nooyi had not submitted the counter notifications.

8. I informed YouTube and Vimeo of my understanding and belief that Ms. Nooyi had not submitted the counter notifications discussed above, and that anonymous parties were apparently committing fraudulent impersonation of Ms. Nooyi. In response, YouTube and Vimeo informed me that the Truth Walla Video will not be reinstated. However, nothing prevents these companies from reinstating the Offending Videos.

9. I could not serve notice of, or obtain a stipulation for, Dr. Kumar's *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction on or from the Doe Defendants because, as discussed in detail in Dr. Kumar's Motion for Leave to Take Limited Discovery Prior to a Rule 26(f) Conference, despite exhausting traditional avenues for identifying Defendants pre-service, neither myself nor my client can identify the Defendants with whom to confer until discovery takes place.

10. Given that Defendants have used pseudonyms to anonymously post the Offending Videos, and appear to be taking illegal measures to further obscure their identity(ies), there are very few reasonable steps available to us to discovery the identity of Defendants, and we have taken all such steps, without success.



Declaration of Krista L. Baughman In Support Of
Plaintiff's *Ex Parte* Motion for TRO/OSC
-3-

Date: October 14, 2014

                                                                                   /s/ Krista L. Baughman
                                                                                   Krista L. Baughman



Declaration of Krista L. Baughman In Support Of Plaintiff's *Ex Parte* Motion for TRO/OSC

-4-